UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DENISE FENWICK, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-11-2923 |
| § | |
| CENPATICO BEHAVIORAL HEALTH OF § | |
| TEXAS INC; aka CENPATICO § | |
| BEHAVIORAL HEALTH, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Cenpatico Behavioral Health of Texas, Inc.'s ("Cenpatico") motion for partial dismissal of Plaintiff Denise Fenwick's original petition. Doc. 3. Having considered the relevant documents in this case, the Court determines that Fenwick's original petition fails to state a claim and must be dismissed, but grants Fenwick leave to file an amended complaint that adequately sets forth her claims against Cenpatico. For the reasons discussed below, the Court therefore grants Cenpatico's motion to dismiss but nevertheless grants Fenwick leave to amend her complaint.

Background

This case arises out of discriminatory treatment that Fenwick allegedly suffered during her employment with Cenpatico. Fenwick states that she has a son with disabilities who requires considerable time and attention from her. Doc. 1-3 at 3. Cenpatico hired her as a clinical supervisor on February 25, 2008 with full knowledge of her need for reasonable accommodations including her need for scheduling flexibility and periodically to telecommute. Fenwick states that she "was always accessible, promptly responded to e-mail, work assignments

. . . and her performance was not an issue." *Id.* Fenwick alleges that in January 2009, however, "Defendant began creating obstacles to limit and/or stop Plaintiff's ability to have flexibility to work from home as needed," although she does not allege what these obstacles were, nor how they affected her. *Id.* She also claims that in June 2009, "Defendant removed Plaintiff's flexibility to work from outside the office;" in response to which Fenwick complained to Cenpatico's human resources department. *Id.*

In November 2009, Fenwick changed positions to become a behavioral health science manager "in order to have the continued flexibility in her morning schedule." *Id.* at 4. In April, 2010, Fenwick's new supervisor, Breanna Robertson, "refused to allow Plaintiff the flexibility in her morning schedule" and on June 1 gave Fenwick a verbal warning for arriving five minutes late to work. *Id.* Fenwick filed a formal complaint of discrimination with Cenpatico's human resources department which subsequently conducted an investigation and determined that no discrimination had occurred. *Id.*

Although Fenwick does not state as much in her original petition, it appears that shortly afterwards either she resigned or Cenpatico terminated her from her position and, in an exit interview, Cenpatico informed her that she owed the company $2000, a figure which Fenwick disputes. *Id.* at 5.

Fenwick filed her original petition in the 295th District Court of Harris County on July 11, 2011 asserting claims for "violation of the Texas Commission on Human Rights Act . . . [and] federal law . . . based upon Plaintiff's association with her son who has disabilities." *Id.* Cenpatico removed that case to this Court on August 8 on the grounds that the Court had jurisdiction pursuant to 28 U.S.C. § 1331 to hear Plaintiff's claims for relief under federal law.

Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

Analysis

Cenpatico moves to dismiss Fenwick's claims that purport to state a claim for relief "for failure to provide a reasonable accommodation under the TCHRA and the ADA," and for "discrimination based on association with a disabled person" under the TCHRA. Doc. 3 at 3. In response, Fenwick contends that her original petition "does not assert a failure to accommodate claim based on her association with her son" and that her claims for disability discrimination

accommodate" claims indicates the problem before the Court: Fenwick's original petition fails to state any cause of action.

The sole reference to potential causes of action in Fenwick's original petition is a single sentence under the "Facts" heading in which Fenwick states that "Defendant discriminated against Plaintiff in violation of the Texas Commission on Human Rights Act . . . as well as federal law . . . based upon Plaintiff's association with her son who has disabilities." Doc. 1-3 at 5. Fenwick nowhere identifies the relevant provisions of the TCHRA she alleges that Defendant violated, nor the applicable federal *statute*, let alone the relevant provisions thereof. Cenpatico, with good reason, assumes that Fenwick is referencing the Americans with Disabilities Act ("ADA") and proceeds to discuss the inapplicability of various provisions of that act to Fenwick's claims. Doc. 3. The Court, however, will not engage in a guessing game as to the particular acts or provisions on which Plaintiff relies. Such a practice raises the very real possibility that the Court would render an advisory opinion on claims which Fenwick does not purport to bring. Because she does not state any specific cause of action, the Court finds that Fenwick's original petition fails completely to state a claim for which relief can be granted and dismisses her claims. The Court grants Fenwick leave to file an amended complaint that clearly sets forth both the facts on which she bases her claim and the relevant acts, statutes, or regulations and the provisions thereof under which she asserts a right to recovery.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendant Cenpatico Behavioral Health of Texas, Inc.'s motion for partial dismissal of Plaintiff Denise Fenwick's original petition (Doc. 3) is **GRANTED**.

The Court further **ORDERS** that Fenwick's claims are **DISMISSED** without prejudice

to her right to file an amended complaint within twenty (20) days of the date of the entry of this order that adequately states a claim for which relief can be granted.

    SIGNED at Houston, Texas, this 20th day of March, 2012.

                                    MELINDA HARMON
                            UNITED STATES DISTRICT JUDGE